IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

M.R. MIKKILINENI,

    Plaintiff,                                        05cv0852

    v.                                              *ELECTRONICALLY FILED*

PENN NATIONAL INSURANCE CO.,
DICKIE, MCCAMEY, CHILCOTE, INCORPORATED
UNITED STATES OF AMERICA,
L.R. MECHAN, Director, United States
Courts.,

    Defendants.

## Memorandum Opinion

**June 30, 2005**

    By Order of June 9, 2005, this case was transferred to this Court from the United States District Court for the District of Columbia (Civil Action No. 01-2287 (RMU)).

    A federal court may dismiss a plaintiff's complaint, *sua sponte*, for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), when the allegations of the complaint are attenuated, insubstantial, frivolous, devoid of merit, and/or no longer open to discussion. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998). Thus, the Court has the inherent power to grant a dismissal based on the legal insufficiency of a claim, and may exercise this power on its own initiative. *See Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir.1999) ("A federal court has the obligation to address a question of subject matter jurisdiction *sua sponte*" ). *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1408-09 (3d Cir.1991) (dismissal is proper only when the

claim clearly appears to be either immaterial and solely for the purpose of obtaining jurisdiction, or is wholly insubstantial and frivolous), *quoting Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 666-67 (1974) (some federal questions are so "insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court. . . .").

"Dismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.' " *Kulick v. Pocono Downs Racing Ass'n*, 816 F.2d 895, 899 (3d Cir.1987), *quoting Oneida Indian Nation*, 414 U.S. at 666.

This case presents the *quintessential* example of an insubstantial, implausible, foreclosed by prior decisions, or otherwise "completely devoid of merit" case. As such, the Court will *sua sponte* dismiss this case, with prejudice.

Additionally, as was noted in a prior proceeding before this Court (04-cv-491) which was also dismissed with prejudice, Mr. Mikkilineni has filed, *pro se*, over one hundred cases in courts throughout the land, as a search of his name on Westlaw or Lexis quickly reveals. *See, e.g., Mikkilineni v. Gibson-Thomas Engineering Co., Inc.*, 281 F.3d 222 (3d Cir. 2002) (Table), and *Mikkilineni v. Gibson-Thomas Engineering Co., Inc.*, 216 F.3d 1076 (3d Cir. 2000) (Table). Plaintiff's lawsuits related to the underlying claims made herein are vexatious, abusive and groundless. This Court will adopt the practice of the Clerk of Court for the District of Columbia, who no longer accepts any further *pro se* complaints from Mr. Mikkilineni in the absence of a court order approving the filing. *See In re Lanzy Oliver*, 682 F.2d 443, 445 (3d Cir. 1982);

*Weber v. Henderson*, 275 F.Supp. 2d 616, 623 (E.D.Pa. 2003); 28 U.S.C. § 1651(a) (All Writs Act).

    An appropriate order will be entered.

                                              s/Arthur J. Schwab
                                              Arthur J. Schwab
                                              United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

M.R. MIKKILINENI,

    Plaintiff,                                      05cv0852

    v.                                         *ELECTRONICALLY FILED*

PENN NATIONAL INSURANCE CO.,
DICKIE, MCCAMEY, CHILCOTE, INCORPORATED
UNITED STATES OF AMERICA,
L.R. MECHAN, Director, United States
Courts.,

    Defendants.

## ORDER OF COURT

**AND NOW, this 30th day of June, 2005**, for the reasons set forth in the accompanying memorandum opinion, this case is **HEREBY DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mark this case closed, and shall not accept any *pro se* complaint or other initial pleading from this plaintiff, unless he has first presented an application for leave to file complaint or other initial pleading, with same attached, and has obtained a court order permitting him to file same.

                                        SO ORDERED this 30th day of June, 2005.

                                        s/Arthur J. Schwab
                                        Arthur J. Schwab
                                        United States District Judge

cc:

M.R. Mikkilineni
2111 Wisconsin Avenue, NW
Washington, DC 20007

Elizabeth Treubert Simon, Esquire
Pamela Anne Bresnahan, Esquire
Vorys, Sater, Seymour & Pease
1828 L Street, NW
Suite 1111
Washington, DC 20036-5109

Robert Ernest Leidenheimer, Jr., Esquire
United States Attorney's Office
Judiciary Center Building
555 Fourth Street, Northwest
Room 10-816
Washington, DC 20530